IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JORGE D. MARTINEZ,**

        **Petitioner,**

    **v.**                                    CASE NO. 13-3135-RDR

**CLAUD MAYES,**
**et al.,**

        **Respondent.**

## MEMORANDUM AND ORDER

    This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas. The filing fee has been paid. Mr. Martinez seeks to utilize 28 U.S.C. § 2241 to challenge his federal sentence or conviction in this district in which he is currently confined after having failed to obtain relief from the sentencing court in another federal judicial district as well as on appeal to the Seventh Circuit Court of Appeals and the U.S. Supreme Court. Having considered the petition together with the relevant legal authority, the court finds that petitioner fails to show that his § 2255 remedy was inadequate or ineffective. Accordingly, the court dismisses this petition for lack of jurisdiction.

    In 2000, Mr. Martinez was sentenced in the United States District Court for the Northern District of Illinois to 400 months in prison. *See United States v.* Martinez, 1:97-cr-00659 (N.D. Ill. Sept. 5, 2000). He directly appealed to the Seventh Circuit Court

of Appeals, which affirmed on August 6, 2003. He alleges that the United States denied his petition for certiorari in 2004, and that he filed a § 2255 motion that was denied on May 18, 2006.

Petitioner claims he is entitled to relief from his criminal conviction or sentence based upon *Alleyne v. United States*, ___U.S.___, 133 S.Ct. 2151 (June 17, 2013).[1] In *Alleyne* the Court overruled prior Supreme Court case law and held that under the Sixth Amendment:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Id.* at 2155 (citation omitted). Petitioner claims that he would be entitled to relief under *Alleyne,* save for the fact that it was decided after his initial 2255 motion was filed and denied. However, he acknowledges that he "does not meet the requirements of 2255(h)" for bringing a second and successive § 2255 motion. He contends that because he cannot bring a second and successive § 2255 motion to seek relief based upon *Alleyne*, his § 2255 remedy is inadequate or ineffective.[2]

---

1   Petitioner incorrectly cites the case as *U.S. v. Alleyne*, 457 Fed.Appx. 348 (June 17, 2013).

2   The Tenth Circuit recently agreed with the Seventh Circuit that although "Alleyne actually does set forth 'a new rule of constitutional law,'" the U.S. Supreme Court has not held that *Alleyne* applies retroactively to cases on collateral review. *In re Payne*, ___ F.3d ___, 2013 WL 5200425 (10th Cir. Sept. 17, 2013)(citing see *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013). In agreeing with the Seventh Circuit's recent rejection of an (h)(2) application

2

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a (federal) court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States . . , or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*Id.* Subsection (e) of Section 2255 provides:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him .... unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*Id.* The Tenth Circuit has explained the import of these provisions:

> Following AEDPA's enactment, federal prisoners who are

---

based on *Alleyne* the Tenth Circuit reasoned as follows:

> First, § 2255(h) applies only when the new rule has been "made retroactive to cases on collateral review by the Supreme Court." The declaration of retroactivity must come from the Justices. *See Dodd v. United States*, 545 U.S. 353 (2005); *Tyler v. Cain*, 533 U.S. 656 (2001). The Court resolved *Alleyne* on direct rather than collateral review. It did not declare that its new rule applies retroactively on collateral attack.
>
> *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review. *See Schriro v. Summerlin*, 542 U.S. 348 (2004). This implies that the Court will not declare *Alleyne* to be retroactive. *See also Curtis v. United States*, 294 F.3d 841 (7th Cir. 2002)(*Apprendi* itself is not retroactive). But the decision is the Supreme Court's, not ours to make. Unless the Justices themselves decide that *Alleyne* applies retroactively on collateral review, we cannot authorize a successive collateral attack based on § 2255(h)(2) or the equivalent rule for state prisoners, 28 U.S.C. § 2244(b)(2)(A).

*In re Payne*, ___ F.3d ___, 2013 WL 5200425 (10th Cir. Sept. 17, 2013)(citing *Simpson*, 721 F.3d at 876; see generally *Browning v. United States*, 241 F.3d 1262, 1266 (10th Cir. 2001))(declining to authorize second or successive § 2255 motion because Supreme Court has not made *Apprendi* retroactive).

3

> barred from bringing second or successive § 2255 motions may still be able to petition for habeas relief under § 2241 through the mechanism of § 2255(e)'s savings clause. "To fall within the ambit of [the] savings clause and so proceed to § 2241, a prisoner must show that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" *Prost*, 636 F.3d at 581 (second alteration in original)(quoting 28 U.S.C. § 2255(e)). Section 2255, however, has been found to be "inadequate or ineffective" only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999); see *Brace* [*v. United States*, 634 F.3d 1167,] 1169 [10th Cir. 2011](stating that "§ 2255 will rarely be an inadequate or ineffective remedy to challenge a conviction"). In *Prost*, we set forth our test: we ask "whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion. If the answer is yes, then the petitioner may not resort to the savings clause and § 2241." 636 F.3d at 584.

It is the petitioner's burden to show that the § 2255 remedy is inadequate or ineffective. *Caravalho*, 177 F.3d at 1178; *see also Abernathy v. Wandes*, 713 F.3d 538, 549 (10th Cir. 2013)("It is Mr. Abernathy's burden to show that he meets § 2255(e)'s savings clause.").

The habeas corpus remedy under 28 U.S.C. § 2241 is available to a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, the § 2241 petition does not ordinarily encompass claims of unlawful detention based on the conviction or sentence of a federal prisoner. The Tenth Circuit has explained the difference between the two statutory provisions. "A 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th

4

Cir. 1996). By contrast, the § 2241 petition "attacks the execution of a sentence rather than its validity." *McIntosh v. U.S. Parole Com'n*, 115 F.3d 809 811-12 (10th Cir. 1997); *Bradshaw*, 86 F.3d at 166. It has long been held that a § 2241 petition "is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under § 2255." *Williams v. U.S.*, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied*, 377 U.S. 980 (1964); see also *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965).

Section 2255 motions are subject to two significant statutory "gate-keeping" restrictions: a one-year statute of limitations in § 2255(f); and a ban on second and successive motions in § 2255(e). A habeas petitioner may not avoid these restrictions by simply recasting his claims as brought under § 2241. The sentencing court's, or the appropriate appellate court's, refusal to consider claims that are second and successive or untimely, has clearly been held not to establish that the § 2255 remedy was inadequate or ineffective. *Sines v. Wilner*, 609 F.3d 1070, 1072-74 (10th Cir. 2010). Even a district or appellate court's "erroneous decision on a § 2255 motion does not render the § 2255 remedy inadequate or ineffective." *Id.*; *Abernathy*, 713 F.3d at 538 (citing 28 U.S.C. §§ 2241, 2255(e))("The plain language of the savings clause in statute governing motions to vacate, set aside, or correct sentence does not authorize resort to federal habeas relief simply because

5

a court errs in rejecting a good argument, even if the court's error on the merits happens to be induced by preexisting circuit precedent.").

Mr. Martinez alleges no facts establishing that he meets the Tenth Circuit's saving clause test as set forth in *Prost*, and thus fails to show that he is entitled to petition for relief from his federal conviction or sentence under § 2241 "through the mechanism of § 2255(e)'s savings clause." *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011), *cert. denied*, 132 S.Ct. 1001 (2012)(If a "petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion," then "the petitioner may not resort to the savings clause and § 2241"); *Abernathy*, 713 F.3d at 545. Mr. Martinez does not meet the *Prost* test because the argument that he raises in his § 2241 petition could have been raised in an initial § 2255 motion.[3] Mr. Martinez could have made the argument under *Apprendi* that any fact that increased his mandatory minimum was an element that must be submitted to the jury and proved beyond a reasonable doubt "even if this argument had been foreclosed by then-controlling (Tenth) Circuit precedent." *Abernathy*, 713 F.3d at 545 (citing *Prost*, 636 F.3d at 590-593). Neither a "law-of-the-case argument" based upon an adverse decision

---

[3] "Under the *Prost* framework, a showing of actual innocence is irrelevant," so that in resolving whether petitioner "may proceed under § 2241" the court has "no need to delve into whether (petitioner) has made a threshold showing of actual innocence." *Abernathy*, 713 F.3d at 546, n. 7.

on direct appeal, nor an argument of "erroneous circuit foreclosure test" based upon then-binding circuit precedent excuses a defendant's failure to purse an argument in an initial § 2255 motion. *Abernathy*, 713 F.3d at 550. "[T]he savings clause doesn't guarantee results, only process." *Id.* (quoting *Prost*, 636 at 590). Mr. Martinez alleges no facts to "dispute that he was free to raise and test an *Alleyne/Apprendi* argument in his initial § 2255 motion." *Id.* Having failed to meet his burden to establish that the remedy provided in § 2255 was inadequate or ineffective, Mr. Martinez may not proceed under § 2241.

**IT IS THEREFORE ORDERED** that this action for habeas corpus relief filed pursuant to 28 U.S.C. § 2241 is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

**DATED: This 23rd day of October, 2013, at Topeka, Kansas.**

s/RICHARD D. ROGERS
**United States District Judge**